IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CR NO. 1:CR-01-131 |
| | ) | |
| v. | ) | (Judge Rambo) |
| | ) | |
| **LAURIE LEERING** | ) | (Electronically Filed) |

### MOTION RECOMMENDING DOWNWARD DEPARTURE

AND NOW, the United States of America, by its undersigned counsel, moves pursuant to Section 5K1.1 of the United States Sentencing Commission Sentencing Guidelines and Title 18, United States Code, Section 3553, and recommends that the Court reduce the sentence to be imposed upon the defendant in light of the defendant's "substantial assistance" to law enforcement. In support of this motion the United States alleges as follows:

1. On June 15, 2006, the defendant is expected to plead guilty to criminal conspiracy to commit mail fraud, in violation of Title 18, United States Code, Section 371.

2. The defendant will be entering this guilty plea pursuant to the terms of a plea agreement with the United States. That plea agreement required the defendant to truthfully cooperate with the government in its investigation of wrongdoing by others, and stated that, if the defendant provided substantial assistance to law enforcement, the government may move for a departure from the sentence otherwise called for by the Sentencing Guidelines in the defendant's case.

3. A pre-sentence report has been prepared. That report concluded that the defendant has a criminal history category of I, and that the defendant's offense conduct resulted in a total offense level of 11. On the basis of these findings, the pre-sentence report concluded that the guidelines imprisonment range for this matter is 8-14 months.

4. While the United States concurs in the guidelines calculations set forth in this pre-sentence report, the United States submits that a departure downward from this guideline imprisonment range is warranted in the defendant's case in light of the defendant's substantial assistance to law enforcement. That assistance is described below:

The defendant was initially arrested by the Toronto Police Service on February 23, 2000 incident to a search at the Statewide Agency/Safeguard Insurance boiler room. She was interviewed and admitted her role in the conspiracy. She also assisted Toronto Police by identifying Layton Hall as the owner/office manager of the boiler room. Toronto police later arrested Hall who was not present at the boiler room at the time of the search. The defendant was pregnant with twins at the time.

Although other defendants have previously pleaded guilty, the defendant was the first co-conspirator who met with prosecutors and investigators following the issuance of extradition warrants in Canada in the fall of 2005. During an informal proffer session in Toronto in December, 2005, the defendant offered information which

implicated co-defendants Hall, Gay, Benjamin and Arthur. It is believed that the defendant's cooperation played a role in Gay and Benjamin's decision to plead guilty. Layton Hall is deceased and Arthur is currently awaiting extradition. Arthur has not signed a plea agreement but is actively involved in plea negotiations with the government. It is believed that his knowledge that Leering is cooperating will also play a role in his eventual decision to plead guilty and cooperate.

5. Section 5K1.1 of the United States Sentencing Commission Sentencing Guidelines provides that the Court may depart from the guidelines upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense.

6. In determining whether a sentence reduction is appropriate, the Court may consider a number of factors specified in Section 5K1.1 of the Sentencing Guidelines including, but not limited to the following: 1) the significance and usefulness of the defendant's assistance; 2) the truthfulness, completeness, and reliability of the defendant's information; 3) the nature and extent of the defendant's assistance; 4) any injury suffered or danger or risk of injury to the defendant or others as a result of the defendant's assistance; and 5) the timeliness of the defendant's cooperation. With respect to these factors, in <u>United States</u> v. <u>Torres</u>, 251 F.3d.138, (3rd. Cir.2001) the United States Court of Appeals instructed this Court to conduct a qualitative

case-by-case analysis of Section 5K1.1's five enumerated factors, and any other factors the Court deems relevant, in making an assessment regarding the nature and scope of any sentencing departure. The Court of Appeals went on to state that the District Court should make specific findings regarding each of these factors and conduct an individualized examination of the defendant's assistance.

7. As an aid to the Court in conducting this individualized assessment required by law, the United States proffers the following with respect to the relevant factors under Section 5K1.1:

   A. Nature of the Cooperation: As noted above, the defendant was initially arrested by the Toronto Police Service on February 23, 2000 incident to a search at the Statewide Agency/Safeguard Insurance boiler room. She was interviewed and admitted her role in the conspiracy. She also assisted Toronto Police by identifying Layton Hall as the owner/office manager of the boiler room. Toronto police later arrested Hall who was not present at the boiler room at the time of the search. The defendant was pregnant with twins at the time.

   Although other defendants have previously pleaded guilty, the defendant was the first co-conspirator who met with prosecutors and investigators following the issuance of extradition warrants in Canada in the fall of 2005. During an informal proffer session in Toronto in December, 2005, the defendant offered information which implicated co-defendants Hall, Gay, Benjamin and Arthur. It is

believed that the defendant's cooperation played a role in Gay and Benjamin's decision to plead guilty.  Layton Hall is deceased and Arthur is currently awaiting extradition.  Arthur has not signed a plea agreement but is actively involved in plea negotiations with the government.  It is believed that his knowledge that Leering is cooperating will also play a role in his eventual decision to plead guilty and cooperate.

      B.   Significance of the Cooperation: The defendant's cooperation can be characterized as significant.

      C.   Reliability of the Information Provided: The government believes, based on supporting evidence, that the information provided by the defendant was accurate.

      D.   Danger to the Defendant: No specific danger to the defendant was identified.

      E.   Timeliness of Cooperation: The defendant's cooperation was timely.

8. In this case, it is submitted that the defendant's cooperation, as described above, constitutes substantial assistance warranting a sentencing departure in accordance with the Sentencing Guidelines, since a number of these factors weigh in favor of granting a sentencing departure. Accordingly, in light of the defendant's substantial assistance to law enforcement, the United States recommends that this court depart below the guidelines imprisonment range otherwise set for this offense when sentencing the defendant. Specifically, the United States recommends that the

court grant a three-level departure from the currently recommended sentence. Such a departure would mean the defendant's sentencing guideline range would be 0-6 months. Moreover, the government recommends that the Court sentence the defendant to a term of probation.

WHEREFORE, for the foregoing reasons, the United States recommends a departure from the guidelines imprisonment range otherwise called for in this case in light of the defendant's substantial assistance to law enforcement.

                                Respectfully submitted,

                                THOMAS A. MARINO
                                United States Attorney

BY:   s/Christy H. Fawcett
       CHRISTY H. FAWCETT
       Assistant U.S. Attorney
       PA35067
       Christy.Fawcett@usdoj.gov

       228 Walnut Street, Suite 220
       P.O. Box 11754
       Harrisburg, PA 17108
       Phone: (717) 221-4482
       Fax: (717) 221-4493

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CR NO. 1:CR-01-131 |
| | ) | |
| v. | ) | (Judge Rambo) |
| | ) | |
| **LAURIE LEERING** | ) | (Electronically Filed) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 16th day of June 2006, she served a copy of the attached

**MOTION RECOMMENDING DOWNWARD DEPARTURE**

by electronic means by sending a copy to each of the e-mail addresses stated below:

**Gregory B. Abeln**
abelnlaw@earthlink.net;  abelnlaw3@earthlink.net


s/Christina L. Garber
CHRISTINA L. GARBER
Legal Assistant